IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20015

Summary Calendar
_____


CURTIS MACK LEWIS,

                          Plaintiff-Appellant,

v.

JOHNNY KLEVENHAGEN, Sheriff; JAMES A. COLLINS,
Director, Texas Department of Criminal Justice,
Institutional Division,

                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-2636)
_____

March 22, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Curtis Mack Lewis appeals the dismissal as frivolous under

28 U.S.C. § 1915(d) of his civil rights action against Johnny

Klevenhagen, the Sheriff of Harris County, Texas, and James A.

Collins, then the Director of the Texas Department of Criminal

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Justice (TDCJ), in their official and individual capacities. We affirm in part and vacate and remand in part.

Lewis alleged that, through the acts of his subordinates, Sheriff Klevenhagen subjected him to tuberculosis by housing him with an infected inmate at the Harris County Jail. After his transfer to Diboll Detention Center in Angelina County, Lewis tested positive for tuberculosis and received medication[1] which had serious side effects. Lewis asserted that the failure to provide him with a safe living environment violated his rights under the Fifth and Eighth Amendments. Lewis attributed the constitutional violations to the defendants' failure to train and supervise prison personnel. He sought $50,000 in compensatory damages and $100,000 in punitive damages.

The magistrate judge issued an order for a more definite statement indicating specific questions that should be addressed. In his response, Lewis stated that Sheriff Klevenhagen knew about the tuberculosis epidemic in the Harris County Jail and did nothing to provide separate housing for the infected inmates. Lewis alleged that he was housed in the same pod for approximately six months with an inmate who had tuberculosis and that they slept no more than four feet apart. According to Lewis, Collins was responsible for the TDCJ medical personnel who gave Lewis medication to combat tuberculosis. Lewis developed

---

[1] Lewis received isonicotinic acid hydrazide (INH), used for prevention of tuberculosis.

2

nausea, kidney problems, and shortness of breath as a result of the medication.

The district court concluded that, even if Klevenhagen knew about Lewis' cellmate's tuberculosis, "there [was] no indication that any jail or prison official intended to expose him to the disease." Further, the district court stated that it mattered not whether Lewis was a convicted felon or a pretrial detainee; Lewis did not allege facts to support a claim of deliberate indifference to his serious medical needs because he received adequate medical care. The district court dismissed the action with prejudice as frivolous[2] and admonished Lewis that he might be sanctioned if he continued to file meritless claims. Lewis filed a timely notice of appeal.

On appeal, Lewis asserts that the district court erred in dismissing his complaint as frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992); 28 U.S.C. § 1915(d). This court reviews the district court's dismissal as frivolous for an abuse of discretion. Id. It is inappropriate to dismiss a claim as frivolous if, with additional factual development, the "allegations may pass section 1915(d) muster." Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994). Claims should not be dismissed as factually frivolous without further factual development unless

---

[2]    The district court stated that the claim had "no arguable basis in law and fact, and no realistic chance of ultimate success." The proper standard is no arguable basis in law or fact. See Booker v. Koonce, 2 F.3d 114, 115-16 (5th Cir. 1993).

they are "pure fantasy or based upon a legally inarguable position." Id.

The district court analyzed Lewis' claim of unconstitutional conditions of confinement under the Due Process Clause and the Eighth Amendment and found that Lewis had alleged no more than negligence. Lewis clarifies in his brief on appeal that he was a pretrial detainee at the time he was exposed to and contracted tuberculosis at the Harris County Jail. This court has recently enunciated the standard in an action alleging that a pretrial detainee's conditions of confinement violated his constitutional rights. See Hare v. City of Corinth, ___ F.3d ___ (5th Cir. Jan. 29, 1996, No. 93-7192), 1996 WL 34766 (en banc).

The State has the responsibility under the U.S. Constitution to tend to the essentials of pretrial detainees' well-being. Id. at *4. "The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." Id. at *5 (citing Bell v. Wolfish, 441 U.S. 520 (1979)). The protections of the Due Process Clause, whether procedural or substantive, are not triggered by negligent inaction. See Davidson v. Cannon, 474 U.S. 344, 348 (1986).

"[U]nder Bell, a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." Hare, 1996 WL 34766 at *6. The Bell test applies "when a pretrial detainee attacks general conditions, practices, rules, or restrictions of pretrial

4

confinement." Id. at *10. In the absence of an established rule or restriction, the detainee "must show that the jail official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice to which the Bell test can be meaningfully applied." In such "jail condition" cases, "the jail officials' state of mind is not a disputed issue." Id. at *11. The State's intent to subject a detainee to inhumane conditions of confinement or abusive jail practices is "presumed when it incarcerates the detainee in the face of such known conditions and practices." Id. at *12.

When a pretrial detainee bases his claim on a jail official's "episodic acts or omissions," the standard of subjective deliberate indifference enunciated in Farmer v. Brennan, 114 S. Ct. 1970, 1980 (1994), is the measure of culpability. Id. at *10. In Farmer, the Court held "that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 114 S. Ct. at 1984.

Lewis alleged that he tested negative for tuberculosis when he entered Harris County Jail and contracted tuberculosis from his cellmate because prison officials failed to provide a healthy environment. He asserted that Sheriff Klevenhagen, as well as other unknown jail personnel, knew that there was a problem with

5

the spread of tuberculosis.  Lewis stated that even the television news media had reported that there was a tuberculosis epidemic in the Harris County Jail.  Further, a policy that every inmate entering the jail undergo a medical examination was in place.  Lewis alleged that prison officials had to know that he was housed with an inmate who had tuberculosis because they distributed medication to infected inmates.  Yet, nothing was done to quarantine infected inmates or to provide separate housing.

The district court abused its discretion in dismissing Lewis' claim as frivolous without further factual development. His claim is not based on fantasy or upon a legally inarguable position, and it merits further factual development.  See Eason, 14 F.3d at 10.  Based on the facts as presented, it is unclear whether the reasonableness standard or the deliberate-indifference standard applies to Lewis' claim.  Lewis does not appear to have alleged an episodic act or omission that would warrant analysis under the deliberate indifference standard. Further factual development will indicate whether Lewis has alleged a condition, practice, or misconduct that was sufficiently extended or pervasive to demonstrate an intended condition or practice.

The judgment of the district court on the conditions-of-confinement claim is vacated and the case remanded for further proceedings and the application of the standard announced in Hare.  Lewis presents no arguments on appeal concerning the claim

6

regarding the medication and its side effects that he raised in the district court; therefore, those issues are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). That portion of the district court's judgment concerning the medical claim is affirmed.

AFFIRMED in part; VACATED and REMANDED in part.